# United States District Court

Eastern District of Missouri

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Revocation of Probation or Supervised Release) |
| EDWARD JAMES CLARY | (For Offenses Committed On or After November 1, 1987) |

Case Number: 4:89CR167 JCH

N. Scott Rosenblum
Defendants Attorney

**FILED**
JUN 1 8 2004
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

**THE DEFENDANT:**

☒ admitted guilt to violation of Condition(s) General, General of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| General Condition | Defendant failed to refrain from using and possessing a controlled substance. | 12/10/02; 1/29/03 |
| General Condition | Defendant committed another Federal, state, or local crime and illegally possessed a controlled substance. | 7/1/03 |

**RETURN TO U.S. MARSHAL**

RECEIVED U.S. MARSHALS SERVICE E/MO ST. LOUIS 2004 FEB 25 P 3 23

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address unto all fines, restitutions costs, and special assessments imposed by this judgment are fully paid.

Defendants Soc. Sec. No.: None.
Defendants Date of Birth: April 18, 1971
Defendant's USM No.: 21775-044
Defendant's Residence Address:
2235 Thurman
St. Louis, MO 63110

Defendant's Mailing Address:
SAME AS ABOVE

February 20, 2004
Date of Imposition of Judgment

*(Signature)*
Signature of Judicial Officer

Honorable Jean C. Hamilton
United States District Judge
Name & Title of Judicial Officer

February 20, 2004
Date

A TRUE COPY OF THE ORIGINAL
JAMES G. WOODWARD, CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: _____ DEPUTY CLERK

Record No.: 544

DEFENDANT: EDWARD JAMES CLARY
CASE NUMBER: 4:89CR167 JCH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 30 months

The term of imprisonment shall run consecutively to the sentence imposed under Docket No. S1-4:03CR570 SNL.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ a.m./pm on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office

## RETURN

I have executed this judgment as follows:

Defendant delivered on 6-1-04 to FCI Oxford at Oxford WI., with a certified copy of this judgment.

R. Dunn
UNITED STATES MARSHAL

By USP THA BOP Bus
Deputy U.S. Marshal

DEFENDANT: EDWARD JAMES CLARY

CASE NUMBER: 4:89CR167 JCH

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 30 months

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer,
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: EDWARD JAMES CLARY

CASE NUMBER: 4:89CR167 JCH

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.

2. The defendant shall participate in a drug or alcohol abuse treatment program approved by the United States Probation Office, which may include substance abuse testing, counseling, residence in a Community Corrections Center, residence in a Comprehensive Sanctions Center, or inpatient treatment in a treatment center or hospital. The defendant shall pay for the costs associated with substance abuse counseling based on a co-payment sliding fee scale approved by the United States Probation Office. Co-payments shall never exceed the total costs of counseling.

3. The defendant shall submit his person, residence, office, or vehicle to a search, conducted by the United States Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.